UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| KAYLA MCCLARY | ) | CASE NO: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | Complaint |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## EMPLOYMENT CASE

1. Plaintiff, Kayla McClary (hereinafter referred to as "Plaintiff"), brings this action to seek redress against the Defendant, United Parcel Service, Inc. (hereinafter referred to as "Defendant") for damages sought against her pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000(e) (hereinafter "Title VII"), and the state law of South Carolina, respectfully and avers as follows:

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. 2000e et.seq. This court also has pendent and supplementary jurisdiction over so much of this action as is based on state law.

3. Venue is proper in the Columbia Division because the Causes of Action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

## PARTIES

4. Plaintiff is an African American citizen of the United States and resides in Columbia, South Carolina. Plaintiff began her employment with Defendant in June of 2021 as a truck loader.

5. Defendant is a package delivery company legally organized under the laws of Delaware. Upon information and belief, Defendant maintains its headquarters in Atlanta, Georgia and does business throughout the State of South Carolina.

1

6. Upon information and belief, Defendant is an employer under Title VII and employs in excess of fifteen (15) employees

## **CONDITIONS PRECEDENT**

7. The Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below.

    a. On or about October 9, 2023, Plaintiff filed a Charge of Discrimination alleging sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

    b. On February 3, 2024, Plaintiff was issued a Notice of Right to Sue from the EEOC.

    Plaintiff has timely filed the foregoing action within ninety (90) days of the date on which he received the Notice of Right to Sue described in paragraph 7(b).

## **FACTUAL ALLEGATIONS**

8. On or about June 2021, Plaintiff began her employment with Defendant as a truck loader at Defendant's Columbia, South Carolina location.

9. At all times during the course of her employment, Plaintiff performed her job duties well and was an exemplary employee.

10. When Plaintiff began her employment her supervisor was Jack O'Neill (WM), Hub Manager.

11. On or about June 2022, Plaintiff witnessed an air belt employee named Brooke Clinghoff (WF) being what Plaintiff perceived as sexually inappropriate (and dressing inappropriately) towards a supervisor named Mark Sherman (WM).

12. On or about October 2022, Plaintiff reported this behavior to the UPS Ethics Hotline in compliance with UPS Policies and Procedures. Plaintiff initially received credit for following the rules, but shortly thereafter was subjected to a pattern and practice of retaliation for her protected complaints by Defendant.

13. Throughout the course of October 2022-June 2023, Plaintiff was sent home numerous times pretextually under the false pretense that the belt was "overstaffed", was written up for made up infractions, and her number was blocked from email and corporate sites. This was in close temporal proximity and as a result of her protected complaints of sexual harassment.

2

14. On September 26, 2022, Plaintiff was pretextually terminated by O'Neill for a made up offense of a package being thrown despite no evidence to that effect or investigation. Plaintiff was out of work for several weeks with no back pay but was reinstated by the Union. This was in retaliation for her protected complaints.

15. On or around June 2023 Plaintiff filed a grievance through the Union because of Clinghoff's stalking and sexual harassment of Sherman and a separate grievance because of an infraction she was charged with regarding the use of her cellphone. She was terminated pretextually for a cell phone infraction despite the fact that employees are routinely allowed to use cell phones in the facilities. Plaintiff was subsequently reinstated by the Union. She received this harassment due to her protected complaints.

16. On or about October 9, 2023, Plaintiff filed a Charge of Discrimination alleging sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

17. On November 7, 2023, Plaintiff was written up for failing to use a "load stand" by O'Neill despite the fact that one was not available for use. There were other employees that did not have load stands available but they did not get written up. All of the other employees were male. This was a clear act of retaliation and sex discrimination by O'Neill for Plaintiff having made protected complaints and filing an EEOC Charge.

18. As a result of the unlawful discrimination and retaliation that Plaintiff has received she has been harmed. Plaintiff has no other redress but to file this action.

### FOR A FIRST CAUSE OF ACTION
### RETALIATION

19. The Plaintiff reiterates and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.

20. Plaintiff repeatedly objected to and protested the violations of her federally protected rights, within the Defendant's administrative structure and the collective bargaining structure, and later to the United States Equal Employment Opportunity Commission.

21. After the Plaintiff sought relief from Defendant's discriminatory practices for herself and others, to include, but not limited to complaining through the Ethics Hotline, Defendant retaliated against Plaintiff by a continuance of harassment.

22. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

23. Accordingly, Plaintiff is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

### FOR A SECOND CAUSE OF ACTION
### SEX DISCRIMINATION / HOSTILE WORK ENVIRONMENT

24. The Plaintiff reiterates and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.

25. Plaintiff was subject to adverse terms and conditions by Defendant causing a sexually hostile work environment. Plaintiff was written up for failing to use a "load stand" by O'Neill despite the fact that one was not available for use. There were other employees that did not have load stands available but they did not get written up.

26. The retaliation, harassment and sexually hostile work environment of the Defendant constitutes a violation of clear mandate of public policy of the state of South Carolina as articulated in the South Carolina Human Rights Act of 1964, as amended (42 USC Sec. 2000e et. seq.)

27. As a result of the racially hostile work environment of the Defendant the Plaintiff has suffered a multitude of problems to include loss of sleep, anxiety, emotional pain and suffering, mental anguish, and humiliation.

28. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her loss of wages and benefits, front pay, together with interest thereon, as well as attorney's fees for the bringing of this action.

### FOR A THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

29. The Plaintiff reiterates and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.

30. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment in the position of Truck Loader. Plaintiff accepted the offer of employment and agreed to fulfill the duties of that position in exchange for valuable consideration, her salary.

31. Plaintiff performed her duties as Truck Loader with due diligence.

32. Plaintiff was continuing to perform his job duties when she was fraudulently harassed and terminated multiple times in violation of Defendant's Ethics Hotline Retaliation Policies.

4

33. Defendant breached its employment contract with Plaintiff, its own policies and procedures, and the progressive discipline procedure as set out by the collective bargaining agreement by harassing Plaintiff.

34. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract as well as that, which is present in the collective bargaining agreement.

35. As a direct and proximate result of Defendant's breach, Plaintiff has suffered actual damages due to the harassment she received in violation of Defendant's policies and procedures.

## FOR A FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT ACCOMPANIED BY A FRAUDLENT ACT

36. The Plaintiff reiterates and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.

37. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment in the position of Truck Loader. Plaintiff accepted the offer of employment and agreed to fulfill the duties of that position in exchange for valuable consideration, her salary.

38. Plaintiff performed her duties as Truck Loader with due diligence.

39. Plaintiff was continuing to perform his job duties when she was fraudulently harassed and terminated multiple times in violation of Defendant's Ethics Hotline Retaliation Policies.

40. Defendant breached its employment contract with Plaintiff, its own policies and procedures, and the progressive discipline procedure as set out by the collective bargaining agreement by harassing Plaintiff.

41. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract as well as that, which is present in the collective bargaining agreement.

42. Defendant sought out and fraudulently breached the agreement between Plaintiff and Defendant to cause the termination and harassment of Plaintiff through sneaky, fraudulent, and deliberate means.

43. Defendant acted in a malicious, deliberate, intentional way, and with a deliberate indifference to the rights of Plaintiff.

44. Therefore, Plaintiff is entitled to an award of actual and punitive damages against Defendant in an amount to be proven at trial.

## JURY TRIAL DEMANDED

45. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court declare that the above listed Defendants' actions complained of herein violated the rights guaranteed to the Plaintiff and issues its judgment:

(1) Declaring the actions complained of herein illegal;

(2) In favor of the Plaintiff and against Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

(3) Issuing an injunction enjoining all Defendants, its agents, employees, successors, attorneys and those acting in concert or participation with all of the Defendant, and at its direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964 as amended and any other violations;

(4) Awarding Plaintiff actual compensatory damages for each cause of action contained herein, which the jury should find appropriate as a result of the Defendant's unlawful discriminatory actions taken as a result of sex discrimination and retaliation, Defendant's breach of contract, and breach of contract with fraudulent intent; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay, travel hardships and travel expenses, and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

(5) Awarding Plaintiff his costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(6) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

RESPECTFULLY BY:

s/Aaron V. Wallace
Aaron V. Wallace (11469)
Wallace Law Firm
1501 Main Street, Suite 521
Columbia, SC 29201
PH 803-766-3997
April 25, 2024          Fax:839-218-5786