UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| KAYLA MCCLARY, | : | Case No. 3:24-cv-02619-MGL-PJG |
| | : | |
| Plaintiff, | : | Judge: Hon. Mary Geiger Lewis |
| v. | : | |
| | : | Magistrate: Hon. Paige Jones Gossett |
| UNITED PARCEL SERVICE, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, United Parcel Service, Inc. ("Defendant" or "UPS"), by and through counsel, for its Answer to Plaintiff Kayla McClary's ("Plaintiff") Complaint, states as follows:

**EMPLOYMENT CASE**

1.  UPS admits only that Plaintiff purports to bring the present civil action against it pursuant to Title VII of the Civil Rights Act of 1964 and the state law of South Carolina, but denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief. UPS denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

2.  The allegations in Paragraph 2 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, UPS denies that it has committed any act that would make jurisdiction in this Court proper and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

3.  The allegations in Paragraph 3 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, UPS denies that it

1

has committed any act that would make venue in this Court proper, and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

## PARTIES

4. UPS admits only that Plaintiff identifies as an African American woman and that Plaintiff was hired by UPS as a Loader/Unloader on June 14, 2021. UPS is without knowledge and information sufficient to form a belief as to the accuracy of the allegations in Paragraph 4 of Plaintiff's Complaint regarding Plaintiff's residency and therefore denies them. UPS denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. UPS admits only that it is a package delivery company incorporated in Ohio with its principal place of business located in Atlanta, Georgia. UPS further admits that it transacts business in South Carolina and is registered to do so. UPS denies all allegations in Paragraph 5 of Plaintiff's Complaint not specifically admitted herein.

6. The allegations in Paragraph 6 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, UPS admits that Title VII applies to it, but denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

## CONDITIONS PRECEDENT

7. UPS admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and South Carolina Human Affairs Commission on January 12, 2024 and that the Charge speaks for itself. UPS further admits the EEOC issued Plaintiff a Notice of Right to Sue on February 3, 2024 and that the Notice speaks for itself. UPS denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

8.  UPS admits only that it hired Plaintiff as a Loader/Unloader for its Columbia, South Carolina Air Hub (the "Columbia Air Hub") on June 14, 2021. UPS denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.  UPS denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. UPS admits only that Jack O'Neill was the Hub Manager of the Columbia Air Hub on June 14, 2021. UPS denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. UPS is without knowledge and information sufficient to form a belief as to the accuracy of the allegations in Paragraph 11 of Plaintiff's Complaint regarding Plaintiff's observations and perceptions of other UPS employees and therefore deny them. UPS denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. UPS denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. UPS denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. UPS admits only that Plaintiff was terminated on September 26, 2022 for insubordination, destruction of UPS property—throwing and damaging a package within a feeder truck trailer—and for failing to follow UPS' policies and procedures. UPS further admits that after Plaintiff's September 26, 2022 termination—which Plaintiff contested by filing a grievance with her Union—Plaintiff's Union Business Agent and UPS' Labor Manager met to resolve the termination and agreed to reduce Plaintiff's termination to a nine-day suspension. UPS denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. UPS admits only that Plaintiff was terminated on June 6, 2023 for failure to abide by UPS's workplace policies by using her cellphone extensively throughout her shift after she had been warned to refrain from doing so. UPS further admits that Plaintiff filed a grievance and Plaintiff's Union Business Agent and UPS's Labor Manager resolved Plaintiff's termination grievance via a mutual agreement whereby Plaintiff's termination was reduced to an unpaid suspension. UPS denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16. UPS admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission on January 12, 2024 and that the Charge speaks for itself. UPS denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. UPS admits only that Plaintiff was disciplined on November 7, 2023 for failing to use a load stand when loading a feeder truck trailer, which is required of all UPS Loaders/Unloaders to ensure their safety and efficiency while loading trailers. UPS denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. UPS denies the allegations in Paragraph 18 of Plaintiff's Complaint and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

## FIRST CAUSE OF ACTION
## RETALIATION

19. UPS incorporates its responses to Paragraphs 1 through 18 of Plaintiff's Complaint as if fully restated herein.

20. UPS admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs

Commission on January 12, 2024 and that the Charge speaks for itself. UPS denies the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21.     UPS denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     UPS denies the allegations in Paragraph 22 of Plaintiff's Complaint and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

23.     UPS denies the allegations in Paragraph 23 of Plaintiff's Complaint and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

## SECOND CAUSE OF ACTION
## SEX DISCRIMINATION / HOSTILE WORK ENVIRONMENT

24.     UPS incorporates its responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully restated herein.

25.     UPS admits only that Plaintiff was disciplined on November 7, 2023 for failing to use a load stand when loading a feeder truck trailer, which is required of all UPS Loaders/Unloaders to ensure their safety and efficiency while loading trailers. UPS denies the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26.     UPS denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     UPS denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     UPS denies the allegations in Paragraph 28 of Plaintiff's Complaint and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

29. UPS incorporates its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully restated herein.

30. UPS denies that it has ever maintained an individual employment contract with Plaintiff. UPS admits only that as a Union Member, the terms and conditions of Plaintiff's employment are exclusively governed by a series of collective bargaining agreements executed between UPS and the International Brotherhood of Teamsters. As Plaintiff is a member of Local 509 of the International Brotherhood of Teamsters, the terms and conditions of her employment are exclusively governed by the UPS-IBT National Master Agreement and the UPS-IBT Atlantic Area Supplemental Agreement (the "CBA"). UPS attaches here the CBA, which is referred to in Plaintiff's Complaint and central to her claims, as Exhibits 1 through 4. UPS denies the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31. UPS denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. UPS denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. UPS denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. UPS denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. UPS denies the allegations in Paragraph 35 of Plaintiff's Complaint and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

36. UPS incorporates its responses to Paragraphs 1 through 35 of Plaintiff's Complaint as if fully restated herein.

37. UPS denies that it has ever maintained an individual employment contract with Plaintiff. UPS admits that as a Union Member, the terms and conditions of Plaintiff's employment are exclusively governed by a series of collective bargaining agreements executed between UPS and the International Brotherhood of Teamsters as referenced above and attached to this Answer. UPS denies the remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38. UPS denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. UPS denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. UPS denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. UPS denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. UPS denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. UPS denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. UPS denies the allegations in Paragraph 44 of Plaintiff's Complaint and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

## **JURY TRIAL DEMANDED**

45. Paragraph 45 of Plaintiff's Complaint contains no factual allegations to which a response is required from UPS.

## **PRAYER FOR RELIEF**

46. UPS denies all of the allegations contained in Plaintiff's "PRAYER FOR RELIEF" Section and **WHEREFORE** Paragraph, including subparts one (1) through six (6), and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief.

47. UPS denies all allegations not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3. Plaintiff did not have an individual employment contract with Defendant. As Plaintiff is a member of Local 509 of the International Brotherhood of Teamsters, the terms and conditions of her employment are exclusively governed by the UPS-IBT National Master Agreement and the UPS-IBT Atlantic Area Supplemental Agreement (the "CBA").

4. Plaintiff has failed to mitigate her damages.

5. Plaintiff's Complaint and each of its purported causes of action are barred either in whole or in part by the doctrines of waiver, laches, consent, estoppel (including judicial estoppel), unclean hands, and other equitable bases.

6. Plaintiff's Complaint fails to state sufficient facts upon which an award of punitive damages can be based and therefore such an award would violate the United States and South Carolina law and public policy.

7. Plaintiff has suffered no damages as a result of the alleged conduct of Defendant. Any alleged damages suffered by Plaintiff are the result of her own conduct or omissions.

8. Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

9. Plaintiff's alleged damages are subject to offset.

10. Plaintiff's Complaint is barred, in whole or part, because the relief sought exceeds that authorized by law.

11. Plaintiff lacks a good faith basis for her claims in whole or in part, entitling Defendant to attorney's fees, costs and expenses incurred in defending this action.

12. Plaintiff's Complaint is barred, in whole or in part, because each action taken by Defendant with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons.

13. Any disciplinary action(s) and/or adverse employment action(s) taken against Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

14. To the extent Plaintiff suffered improper treatment, if any, Defendant exercised reasonable care to prevent and timely correct any such behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant.

15. To the extent there were complaints about alleged improper treatment, all actions taken by Defendants were timely and appropriate and constituted prompt, effective remedial measures under the circumstances, and these actions by Defendant bar or preclude the Plaintiff's claims.

16. Defendants rely on all defenses, express or implied, contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*, and any regulatory guidance and/or precedent interpreting the same.

17. Defendants rely on all defenses, express or implied, adopted under the state law of South Carolina, and any regulatory guidance and/or precedent interpreting the same.

18. Plaintiff failed to exhaust her administrative remedies.

19. Plaintiff's claims are barred, in whole or in part, under the doctrine of judicial estoppel and/or res judicata.

20. Plaintiff did not engage in any protected activity as defined under Title VII of the Civil Rights Act of 1964.

21. Plaintiff cannot establish causation for her claims pursuant to the Title VII of the Civil Rights Act of 1964 as the time between any alleged protected activity and any adverse employment action was too long to create sufficient temporal proximity.

22. Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act and the *Garmon* principles announced by the Supreme Court of the United States in the decision of *San Diego Building Trades Council. v. Garmon*, 359 U.S. 236 (1958).

23. Plaintiff was not harassed, discriminated against, or retaliated against under the terms of Title VII of the Civil Rights Act of 1964. Even if it is determined that Plaintiff was harassed, discriminated against, or retaliated against, which Defendant denies, Plaintiff's improper treatment was not sufficiently severe or pervasive to constitute a hostile work environment under Title VII of the Civil Rights Act of 1964.

24. Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant requests that judgment be entered as follows:

A. That the Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

B. For its costs of suit, including reasonable attorneys' fees; and

    C.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Houston Bragg*
Houston Bragg (D.S.C. Bar No. 13577)
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
houston.bragg@dinsmore.com

*Counsel for Defendant United Parcel Service, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the June 10, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record, including the following:

Aaron V. Wallace
WALLACE LAW FIRM
1501 Main Street, Suite 521
Columbia, SC 29201
Telephone: (803) 766-3997
Fax: (839) 218-5786
awallace@wallacefirmsc.com

                                              */s/ Houston Bragg*
                                              Houston Bragg

                                              *Counsel for Defendant United Parcel Service, Inc.*